UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRIE THOMPSON,

    Plaintiff,                            CIVIL ACTION NO. 13-13969

  v.

                               DISTRICT JUDGE AVERN COHN
                               MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.    RECOMMENDATION**

This Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on July 27, 2010, alleging that she had been disabled and unable to work since July 1, 2010, at age 48, due to fibromyalgia, bilateral

carpal tunnel syndrome, neck pain, asthma and an adjustment disorder with mixed anxiety and depressed mood. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on May 14, 2012, before Administrative Law Judge (ALJ) Michael R. Dunn. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge restricted claimant from jobs that would expose her to ropes, ladders, scaffolds or excessive vibration. The ALJ also determined that she needed a clean air environment free of fast-paced production requirements and few workplace changes. Given her emotional difficulties, the ALJ found that she was limited to simple, routine and repetitive tasks. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 50 years old at the time of the administrative hearing (TR 43). She had a tenth grade education, and had been employed as a cook, housekeeper, home health aide, stock person and general laborer (TR 44, 169, 176). These jobs required Plaintiff to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 25 pounds on a regular basis (TR 46). Claimant stopped working in June 2010, due to progressively worsening back and neck pain (TR 46, 52).

Plaintiff alleged that she was disabled as a result of neck pain radiating into her upper extremities (TR 52, 58). At the hearing, claimant doubted that she could return to work due to the severe nature of the pain (TR 58). Plaintiff had to regularly change positions between sitting and standing every 15 minutes in order to get any pain relief (TR 54). Claimant estimated that she could lift just five pounds on a regular basis (TR 59). She also needed to take a daily nap due to chronic fatigue (TR 62-63). While she enjoys watching television and playing with her grandchild, she purportedly was unable to concentrate long enough to read (TR 62). Plaintiff had difficulty driving an automobile due to back pain and hand numbness (TR 43). Claimant added that she was often depressed, and that she once attempted to commit suicide (TR 52, 65).

A Vocational Expert, Diane Regan, classified Plaintiff's past work as light to heavy, semi-skilled activity, which did not impart any transferable skills (TR 67). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 70). If she were capable of light work, however, there were numerous unskilled office help, small product assembly, packaging, mail clerk and sorting jobs that she could still perform with minimal vocational adjustment (TR 69-70). These simple, routine jobs allowed a sit-stand option, and did not expose workers to ladder climbing, fast-paced production requirements or frequent workplace changes. The jobs were performed in clean

---

[1] The witness testified that claimant's alleged need to take frequent breaks throughout the day due to her joint pain would preclude all work activity (TR 70).

air environments free of dust, fumes, gases or other atmospheric irritants. They also did not expose workers to excessive vibrations (TR 68-70).

### B.  ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of fibromyalgia, bilateral carpal tunnel syndrome, neck pain, asthma and an adjustment disorder with mixed anxiety and depressed mood, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments (TR 19-20). The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to sit or stand for prolonged periods, and from work involving frequent crouching, crawling, stooping, climbing or balancing. The Law Judge also restricted claimant from jobs that would expose her to atmospheric irritants, excessive vibrations, fast-paced production requirements and frequent workplace changes (TR 21-26). Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 27-28).

### C.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial

evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional

capacity for a reduced range of light work because the objective clinical evidence of record[2] did not confirm the disabling nature of her joint pain or mental difficulties.

### D.   Discussion and Analysis

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option and no exposure to atmospheric irritants, excessive vibrations, fast-paced production requirements or frequent workplace changes. Contrary to Plaintiff's assertion, the medical evidence does not support her allegations of totally disabling joint pain and mental depression.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. Claimant has never been hospitalized, nor has she received aggressive treatment for the condition. Examining physicians reported no significant abnormalities. One treating physician, Dr. Sohail Jilani, reported in September 2010, that Plaintiff had normal reflex, motor and sensory functioning (TR 496). In a follow-up examination performed on May 8, 2012, Dr. Jilani observed that the claimant had good spinal motion without pain, only mild weakness in the left arm, and no need for an assistive device in order to walk (TR 763-764). The treating doctor

---

[2] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 766-776) was not considered by the undersigned.

encouraged Plaintiff to engage in such activities as bike riding and long distance walking to help build her overall strength (TR 496-497, 763-764).

Plaintiff also obtained significant relief from medications taken as prescribed (TR 534, 536), and the medical record contained no evidence of significant side-effects from those medications. Significantly, no doctor declared her to be totally and permanently disabled[3]. While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite allegations that she suffered from severe pain radiating throughout her body, the claimant was able to prepare meals, watch television, occasionally drive 25 minutes to a grocery store and regularly play with her grandchild (TR 43, 62). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced light work that did not require frequent crouching, crawling, stooping, climbing or balancing.

Plaintiff relies heavily upon the fact that she was hospitalized after an attempted suicide in October 2011 (TR 422-425). However, her mental state subsequently improved with the help of medication therapy. By December 2011, claimant told a treating physician

---

[3] Dr. Jilani opined that Plaintiff could not lift more than five pounds frequently and ten pounds occasionally; could not sit, stand, or walk for more than one hour at a time; and was able to occasionally squat, kneel and stoop (TR 764). Dr. Jilani further opined that Plaintiff could use foot controls and occasionally grasp, reach, push, pull, reach above shoulder level, and exercise fine manipulation (TR 764). Thus, the long time treating doctor indicated that Plaintiff was not totally disabled, but could return to work with certain restrictions.

that her depression was better (TR 450). Three months later, Plaintiff acknowledged that she was doing well, and that her depressed mood was no longer debilitating (TR 741, 750).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation. In the instant case, the claimant has failed to point to any medical opinion, or other evidence, demonstrating additional work-related limitations caused by those conditions allegedly ignored by the Law Judge.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of two state agency consultants[4], who concluded that the claimant could perform unskilled work (TR 367-368, 389). Considering the totality of the medical record, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain and mental depression were not fully credible.

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ,

---

[4]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2013).

who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous unskilled office work, small product assembly, packaging, mail clerk and sorting jobs that she could still perform with minimal vocational adjustment (TR 69-70). These simple, routine jobs allowed a sit-stand option and did not expose workers to ladder climbing, fast-paced production requirements or frequent workplace changes. The jobs were performed in clean air environments free of dust, fumes, gases or other atmospheric irritants. They also

---

[5]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain and depression. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

did not expose workers to excessive vibrations (TR 68-70). Given the objective clinical findings of the examining physicians of record, substantial evidence exists on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

### E. Conclusions

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ Charles E Binder
                                        CHARLES E. BINDER
Dated: July 25, 2014                  United States Magistrate Judge