UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terrie Thompson,

      Plaintiff,

vs.                                                                        Case No. 13-13969

COMMISSIONER OF SOCIAL SECURITY,                   HON. AVERN COHN

      Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This is a social security case.  Plaintiff Terrie Thompson (Plaintiff) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits.  Plaintiff claims disability since July 1, 2010, due to fibromyalgia, bilateral carpal tunnel syndrome, neck pain, asthma, and an adjustment order mixed with anxiety and depressed mood.

The parties filed cross motions for summary judgment.  (Docs. 11, 15)  The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (R&R).  The MJ recommends that Plaintiff's motion for summary judgment be denied and that the Commissioner's motion be granted.  Plaintiff filed timely objections to the R&R.  For the subsequent reasons, the Court will follow the R&R.  The Commissioner's Motion for Summary Judgment (Doc. 15) is GRANTED, and Plaintiff's Motion for Summary Judgment

1

(Doc. 11) is DENIED.

## II. BACKGROUND

### A. Facts

The R&R sets forth the facts, many of which are repeated here.  Plaintiff applied for disability benefits in July 2010, alleging that beginning on July 1, 2010 she was disabled and unable to work due to fibromyalgia, bilateral carpal tunnel syndrome, chronic myofacial neck pain, asthma, and an adjustment order mixed with anxiety and depressed mood.  (Tr. at 19)  The Social Security Administration (SSA) denied Plaintiff's claim.  After a hearing, an ALJ issued a decision denying benefits, finding that Plaintiff was not entitled to benefits because she retained the residual functional capacity to perform a restricted range of light work in a sit-stand position.  The ALJ defined a number of parameters for Plaintiff's work, relating to the nature, work environment, and physical demands of the job.  (Tr. at 21)  The ALJ also restricted Plaintiff to jobs that required only simple, routine, and repetitive unskilled tasks, and was free of fast-paced production requirements and with few or no workplace changes.  (Tr. at 21)  The vocational expert identified a significant number of jobs that Plaintiff could perform despite these limitations.  (Tr. at 27)

Plaintiff requested a review of the ALJ's decision.  The Appeals Council (AC) declined to review Plaintiff's case, finding no reason to disturb the findings of the ALJ.  Plaintiff filed the instant action for judicial review of the denial of benefits.  The parties filed cross motions for summary judgment, (Docs. 11, 15) which were referred to the MJ.

In her Motion for Summary Judgment, (Doc. 11) Plaintiff argued that the ALJ's decision was not supported by substantial evidence because (1) the ALJ erred in the assessment of Plaintiff's residual functional capacity, by failing to consider evidence of her

2

physical limitations, and (2) the ALJ also erred by failing to give appropriate weight to the opinion of Plaintiff's treating physician. The R&R rejected Plaintiff's assertions and found that there was substantial evidence in the record to support the ALJ's decision.

### B. R&R Objections

Plaintiff objects to the R&R. Although the MJ explained that Plaintiff was required to set forth "specific objections" to the R&R (Doc. 17 at 10), *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections" to a magistrate judge's findings and recommendations on dispositive motions before the Court), Plaintiff submitted a 31-page document containing no subheadings detailing her specific objections, and which appears to be an extended restatement of her arguments in her motion for summary judgment. The thrust of Plaintiff's objection is that the MJ issued a "boilerplate Report and Recommendation" that "simply ignored" a number of Plaintiff's claims. (Doc. 18 at 4, 13) Nonetheless, Plaintiff does make several specific objections, *inter alia*, regarding the MJ's findings in the R&R, which mirror the arguments presented in her motion for summary judgment: (1) that the MJ failed to address Plaintiff's arguments regarding her physical limitations, specifically with respect to her neck pain, upper extremity weakness, and fibromyalgia symptoms (Doc. 18 at 13), and (2) that the MJ failed to address Plaintiff's arguments regarding the Treating Physician Rule (Doc 18. at 27).

### III. STANDARD OF REVIEW

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not

resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the R&R that the claimant finds objectionable are reviewed de novo. 28 U.S.C. § 636(b)(1)(c); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. DISCUSSION

### A. The ALJ Properly Considered Evidence of Plaintiff's Physical Limitations

Plaintiff argues that the MJ erred in concluding that the ALJ's assessment of her impairments was supported by substantial evidence. More specifically, she contends that the ALJ failed to give adequate consideration to Plaintiff's medical evidence regarding her neck pain, upper extremity weakness, and fibromyalgia. (Doc. 18 at 13)

The record reflects substantial evidence supporting the ALJ's findings. The ALJ specifically considered Plaintiff's extensive medical history, including the findings of eight physicians who examined Plaintiff and the records from four medical and mental health treatment facilities, spanning from approximately December 2009 to May 2012. (Tr. at 23-25) In addition, the ALJ noted that Plaintiff had been diagnosed on several

4

occasions with various disorders, including mild carpal tunnel syndrome, diffuse joint and muscle pain, fibromyalgia, fatigue, cervical strain, hypothyroidism, hypertension, gastro-esophageal reflux disease, median neuropathy, arthritis, and a history of breast cancer. (Tr. 23-25) However, Plaintiff's medical history contained several inconsistencies, and the examining physicians offered a range of estimates regarding Plaintiff's ability to engage in functional activities.

For example, state medical consultant Brian Koecher, D.O., completed a physical residual functional capacity analysis in March 2011. He opined that Plaintiff was able to lift and carry no more than 20 pounds on an occasional basis and 10 pounds on a regular basis, could stand, walk, or sit for six hours in an eight-hour workday with normal breaks, and could climb ramps or stairs, stoop, crouch, or crawl frequently, but should never climb ladders, ropes, or scaffolding. (Tr. at 25)

By contrast, Dr. Sohail Jilani, M.D., recommended that although Plaintiff had good range of motion in the extremities, intact sensory and reflex function, and only mild weakness in her left arm, Plaintiff should be limited to lifting no more than 10 pounds occasionally and 5 pounds frequently, with no sitting, standing or walking for more than an hour at a time, with occasional bending, squatting, kneeling, stooping, manipulative functions, and overhead reaching. Dr. Jilani further recommended that Plaintiff be allowed frequent sitting or lying down breaks. (Tr. at 24).

Ultimately, the ALJ determined that the medical opinions of Dr. Koecher should be given substantial probative weight, while those of Dr. Jilani should be given little weight. (Tr. at 25) This is a matter within the ALJ's discretion and is supported by substantial evidence, *see* Part IV.B. *supra*.

5

In addition, the ALJ determined that Plaintiff's own statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not credible, to the extent they were inconsistent with Plaintiff's residual functional capacity assessment.  Although any credibility assessment made by an ALJ must be supported by substantial evidence in the record, the ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531.  Here, Plaintiff claimed disability from the effects of fibromyalgia.  (Tr. at 22)  However, no physician had determined that Plaintiff was totally disabled; at most, the medical opinions indicated that Plaintiff could return to work with certain restrictions.

Plaintiff claims that the ALJ erred by failing to properly consider her physical limitations, pain, depression, and fatigue, which prevent her form sustaining a regular work routine.  However, record proves otherwise.  The ALJ specifically considered Plaintiff's evidence supporting a finding of disability.  The record reflects that the ALJ gave substantial consideration to Plaintiff's medical evidence and thoroughly discussed the assessments by Plaintiff's examining physicians.  As such, this objection to the R&R fails.

### B. The ALJ Provided Good Reason for Discounting Dr. Jilani's Opinion

Plaintiff argues that the MJ failed to address Plaintiff's arguments regarding the Treating Physician Rule. Specifically, Plaintiff claims that the ALJ erred by giving little weight to the opinion of Dr. Jilani, her treating physician.

Under the "Treating-Source Rule," the opinions of a claimant's treating physician are generally given more weight than those of non-treating and non-examining

6

physicians because treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . ." 20 C.F.R. § 404.1527(c)(2).  Further, the opinion of a treating physician is given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.*; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors in considering how much weight is appropriate. *Rogers*, 486 F.3d at 242.  The ALJ must also provide "good reasons" for discounting a treating physician's opinion, which are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4).  The purpose of this rule is two-fold: "'to let claimants understand the disposition of their cases,'" and to "ensure[] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).

Here, the ALJ provided good reason for discounting Dr. Jilani's opinion and the Court is able to engage in a meaningful review of the ALJ's rationale for doing so.  As noted, the ALJ specifically considered Plaintiff's extensive treatment history, including the findings and opinions of several examining physicians.  Then, turning to the weight

7

to be given to these opinions, the ALJ found that Dr. Jilani's recommendations were inconsistent with her own office notes.  Although the notes provided detail of "good spinal motion without pain; good extremity motion without pain; no impingement signs; independent gait; and mild weakness in the left upper extremity," Dr. Jilani's conclusions recommended "extreme limits" in Plaintiff's functional ability, which would "render [Plaintiff] helpless."  (Tr. at 26)  For this reason, the ALJ concluded that Dr. Jilani's suggested limitations "do not find support in the objective medical findings, most particularly those objective findings in Dr. Jilani's own office notes."  By contrast, the ALJ gave substantial probative weight to Dr. Koecher's opinions because they were "consistent with the overall weight of the evidence."

The record reflects that the ALJ thoroughly considered the assessments by Plaintiff's examining physicians, as well as Plaintiff's extensive longitudinal treatment history.  Thus, the ALJ provided good reason for giving little weight to Dr. Jilani's assessment, while providing controlling weight to others.

## V.  CONCLUSION

For the reasons stated above, the R&R is adopted as the findings and conclusions of the Court, supplemented as above.  Plaintiff's motion for summary judgment has therefore been denied, and the Commissioner's motion for summary judgment has been granted.  This case is DISMISSED.

SO ORDERED.

 S/Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2014

8

13-13969 Thompson v. Commissioner of Social Security

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 2, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160